By the Court.
1. It does not appear that the ownership of the stock and its voting power were separated by the agreement under which the “shareholders committee” was appointed and the stock deposited with the depositary therein named, Brown, Shipley & Co.; and that agreement does not, therefore, constitute what is known as “a voting trust.” It was at most a convenient method by which distant and widely separated shareholders, became enabled indirectly to participate in the control and management of the company, and from which each could recede at any time and demand the return of his stock without violating any term of the agreement. The depositary is a proxy required to vote the stock as directed by the committee; and he and the committee both derived their power from the shareholders by the same instrument, and, in the end, effectuate their wishes. Such an arrangement differs widely from an agreement whereby the stock is placed in the hands of trustees who are invested with the power of voting it as their interests may dictate, irrespective of the wishes or direction of the owners. Such an agreement, as the latter, would be void as against the policy of our corporation law.
2. In .respect to the matter set up in the second defense, it is sufficient to say, that what a director'may contemplate doing when elected, cannot affect the validity of his election, if he is otherwise eligible to the place. When such agreement is made and entered into, it will be time enough to consider it, and pass upon the power of the company to make it. The power of the company to become a party to such an agreement has not been challenged by the state,. unless we regard the answer of the company, adopted by Smith, Whitaker and Green, as in the nature of a cross-petition in quo warranto-, which would not only be anoma *681 lous but without any authority of law. Quo warranto can be maintained only in the name of the state.

Judgment affirmed.